In the Matter of FRANK J. VERDERAME, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 2, 1991

## APPEARANCES OF COUNSEL

*Robert H. Straus* (*Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp* for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained the five charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

Charge One alleged that the respondent, as the attorney for the seller in a real estate transaction, held a $5,000 down payment until closing in an account entitled "Frank J. Verderame, Attorney at Law". At the closing, on or about June 24, 1982, the respondent agreed to hold $300 of the down payment until his client had certain building violations removed from the property. The client failed to do so. Between June 24, 1982, and October 1, 1986, the respondent failed to maintain the $300 in his account.

Charge Two alleged that the respondent commingled escrow funds with personal and business funds.

Charge Three alleged that the respondent failed to maintain required records for the checking account into which he deposited escrow funds.

Charges Four and Five alleged that the respondent failed to cooperate with legitimate investigations by the petitioner Grievance Committee into his alleged misconduct.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all five charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report is denied.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including his claimed inadvertence in handling escrow funds and his claimed good-faith efforts to cooperate with the Grievance Committee. We conclude, in light of his conduct, that the respondent should be and hereby is suspended from the practice of law for a period of three years, commencing January 3, 1992, and until further order of the court.

THOMPSON, J. P., BRACKEN, KUNZEMAN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent Frank J. Verderame is suspended from the practice of law for a period of three years, commencing January 3, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Frank J. Verderame is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.